GERTRUDE S. RAUCH, JOHN G. RAUCH, JR., AS ADMINISTRATOR OF THE ESTATE OF JOHN G. RAUCH, DECEASED, AMERICAN FLETCHER NATIONAL BANK & TRUST COMPANY, DANIEL I. GLOSSBRENNER, JR., AND ROGER BATCHELOR, AS CO-EXECUTORS, ESTATE OF EDNA S. GLOSSBRENNER, DECEASED, JOHN M. KITCHEN, ANCILLARY ADMINISTRATOR, C.T.A. ESTATE OF BERTHA S. FAUVRE, DECEASED *v.* THE CIRCLE THEATRE, AN INDIANA CORPORATION, THE INDIANA NATIONAL BANK, AS EXECUTOR OF THE ESTATE OF ALBRECHT R. C. KIPP, DECEASED, SHUBRICK T. KOTHE, AS EXECUTOR OF THE ESTATE OF KURT LIEBER, DECEASED, REILY G. ADAMS, RALPH W. LIEBER, WILLIAM N. SALIN, SECRETARY OF THE STATE OF INDIANA, GREATER INDIANAPOLIS AMUSEMENT COMPANY, INC., AN INDIANA CORPORATION, AMERICAN FLETCHER NATIONAL BANK & TRUST COMPANY, AS ESCROW AGENT UNDER ESCROW AGREEMENT DATED MARCH 31, 1969, WITH THE CIRCLE THEATRE COMPANY

[No. 1-277A24. Filed April 11, 1978. Rehearing denied May 16, 1978. Transfer denied August 22, 1978.]

*John M. Kitchen, Dutton, Kappes & Overman, Robert G. Elrod, Elrod & Elrod,* of Indianapolis, for appellants.

*C. Severin Buschmann, Buschmann, Carr & Schabel, R. Stanley Lawton, Ice, Miller Donadio & Ryan, David L. Martenet, Raikos, Martenet & Raikos, Pete A. Pappas, Clark & Clark,* of Indianapolis, *Theodore L. Sendak,* Attorney General of Indiana, *Alembert W. Brayton,* Deputy Attorney General, for appellees.

ROBERTSON, J.—Plaintiffs-appellants, Gertrude S. Rauch et al. (Lessors) filed suit against defendants-appellees, The Circle Theatre Company (Lessee), Greater Indiana Amusement Company, Inc., (Assignee), and others seeking damages for anticipatory breach of contract, injunctive relief, appointment of a receiver and attorney's fees. After trial to the court, all relief was denied. Appellants now appeal from the denial of their motion to correct errors.

We affirm.

The relationship between the parties in this action dates back to April 3, 1926, at which time a lease was executed by and between Lessors and Lessee. The lease, which was to run until the year 2015, covered a building known as the Indiana Theatre in Indianapolis. At that time the theatre was located on two parcels of land, one of which was owned by Lessors and the other of which was owned by Lessee.

From about 1938 until 1968, the theatre was operated quite profitably by Assignee under various management contracts with Lessee. However, when Assignee refused to renew its management contract in 1968, Lessee felt that it would be best to dispose of its interest in the theatre. On August 22, 1968, Lessee sold its parcel of land and assigned its interest in the lease to Assignee. As a part of this transaction, Lessee entered into voluntary dissolution proceedings, liquidated its other assets, and procured a Certificate of Dissolution from the Indiana Secretary of State. At various times in 1968 and 1969, distributions were made to the Lessee's shareholders totaling $475,145.00 (the bulk of that amount, $325,000.00, was derived from the sale of its interest in the theatre). In addition to those distributions, the sum of $122,000.00 was placed in escrow for the benefit of Lessee's shareholders to

facilitate payment of expenses pending the final determination of the dissolution proceedings and any litigation resulting as a consequence of that procedure.

Lessors filed their complaint on June 11, 1970, and their amended complaint on June 21, 1973, alleging breach of the lease and demanding damages for that breach, appointment of a receiver for the preservation of Lessee's assets, and injunction restraining the Secretary of State from issuing a Certificate of Dissolution for Lessee, and attorney's fees. After extensive proceedings and a full trial, the trial court entered findings of fact and conclusions of law and entered judgment in favor of Lessee and against Lessors. Summarily stated, the trial court held that:

(1) Future rentals under the lease did not constitute debts or liabilities within the purview of the Indiana dissolution statute;

(2) In the alternative, "adequate provision" for all corporate debts and liabilities, within the meaning of the dissolution statute, had been made by virtue of the assignment of the lease to another solvent corporation and no recovery could therefore be allowed;

(3) Further, the conclusion of the board of director's of Lessee as to "adequate provision" for all debts was made in good faith and was therefore conclusive on all parties; and,

(4) Because Lessors were not entitled to any recovery under the lease, no attorney's fees should be awarded.

Lessors have raised the following issues for review:

1. Did the trial court err in finding that Lessees did not breach their lease?

2. Were "adequate provisions" made for discharge of the lease obligations, and if so, would this constitute a defense to the Lessor's action for damages?

3. Is the trial court's decision allowing an abrogation of Lessee's obligation under the lease an unconstitutional impairment of a contract?

4. Did the trial court err by refusing to award attorney's fees despite a provision in the lease allowing such an award?

Lessors first argue that the assignment of the lease did not constitute a payment or discharge of Lessee's covenant to pay rent and that the

dissolution of the Lessee corporation was an anticipatory breach of the lease which entitled Lessors to a recovery of damages. Lessors further argue that the shareholders and directors of the Lessee are liable for damages to the extent of the distributions made by the dissolving corporation.

Under well-established principles of property law, a lessee under a lease or real estate is liable to the lessor for rent by virtue of privity of estate. This liability for rent arises by operation of law from the relationship of the parties, and will be discharged by an effective assignment of the lease by the lessee. In most cases, however, the lease executed between the parties will also contain an express provision requiring the payment of rentals by the lessee, in which case there is also privity of contract between the parties. While liability for rent under the former theory may be discharged by assignment of the lease, liability under privity of contract will not, absent a novation by the lessor, abrogate the lessee's liability to pay rent under the express contractual provision. *Jordan v. Indianapolis Water Company* (1902), 159 Ind. 337, 64 N.E. 680. The liability of a lessee to the lessor after an assignment of the lease is often described as being in the nature of a surety relationship. While a true surety relationship, with all the attendant defenses, is not in fact created by an assignment of a lease, this does provide an apt analogy which is descriptive of the lessee's liability. The assignee, by privity of estate, becomes liable for all rentals accruing subsequent to the assignment. The assignee is further bound by all covenants that run with the land, and, in cases in which he expressly assumes the lessee's obligations under the lease, he is bound to the lessor under privity of contract, even where the lessor is not a party to the assignment. 49 Am.Jur.2d *Landlord and Tenant* § 467 (1970). The lessor may, at his option, sue either the original lessee or the assignee for accrued rentals, and, as between the assignee and the lessee, the assignee bears the primary liability for rent accruing subsequent to the assignment. 49 Am.Jur.2d *Landlord and Tenant* § 437 (1970). The lessee, however, is still bound upon the covenants contained in the lease until such time as the lease expires or the lessor grants an express novation or commits acts which give rise to an implied novation, such as the execution of a new lease or a material alteration of the existing lease.

From an application of these principles of law to the facts of the case at bar, it is clear that the Lessors are correct in their contention that Lessee remained liable under the lease subsequent to its assignment. The lease executed by the parties contained no provisions that would discharge Lessee from its contractual obligations. Further, Lessee has not argued that Lessors have either granted a novation or performed any other act that would discharge its obligation of performance.[1] We hold, therefore, that Lessee's assignment of the lease in 1968 did not abrogate its duty of performance under the lease to Lessors.

The trial court's finding that Lessee was not liable to Lessors for damages was based on the terms of IC 1971, 23-1-7-1 (Burns Code Ed.) which governs corporate dissolutions. In rendering judgment for Lessee, the trial court reasoned that future rentals did not fall within the provisions of subsection (b)(3) of this statute which required the board of directors of a dissolving corporation to "pay and discharge all the corporate debts and liabilities." It further relied on the provisions in subsection (b)(4) which requires a statement in the articles of dissolution reciting:

> That all debts, obligations and liabilities of the corporation have been paid and discharged *or that* adequate provision has been made therefor. (Emphasis added).

As a further justification for its judgment, the trial court held that the determination of "adequate provision" by Lessee's board of directors, being in good faith and without fraud, was conclusive as to all parties.

---

1. Assignee in its brief argues that Lessors ratified any breach by accepting Assignee's performance under the lease. This contention is incorrect for numerous reasons. Under the provisions of the lease, Lessors were granted no right to object to or prevent any assignment of the lease. As a general rule of law, a lessee has the right to assign a lease without the consent of the lessor. 49 Am.Jur.2d *Landlord and Tenant* § 398 (1970). Therefore, the assignment in this case did not constitute an actionable breach. Further, by taking an assignment and assuming all the rights and duties under the lease, Assignee itself had enforceable rights against Lessor. Notwithstanding the above, even if an actionable breach is found, Lessors still had some duty to mitigate damages by reletting. *Hirsch v. Merchants National Bank* (1975), 166 Ind. App. 497, 336 N.E.2d 833. We do not see how Lessors could have fulfilled this duty by refusing to accept full rental payments tendered by another tenant who was ready to perform all the covenants in the lease. There is no evidence in the record to support Assignee's allegation of ratification of the breach.

The trial court's application of these provisions of the dissolution statute is clearly erroneous for it has obviously confused a corporation's statutory right to voluntarily dissolve with a creditor's right to sue for a breach of a lease or contract which may result from the dissolution. While the provisions of IC 23-1-7-1 outline the necessary procedures for effecting a voluntary dissolution, nowhere in the statute is it provided that a valid dissolution will provide immunity from civil actions alleging damages as a result of the dissolution. The questions as to whether future rentals are "debts" under the statute, whether "adequate provisions" were made, and whether the board of director's determination of "adequate provisions" is conclusive are of no relevance in this case. The principal issue here is not whether a dissolution of the Lessee corporation should be allowed, but rather, the issue that must be decided is whether the voluntary dissolution of the Lessee's corporate structure amounted to an actionable breach of its obligations under the lease.

Although there is no Indiana authority on point, the general rule seems to hold that, absent an express provision in the lease to the contrary, the voluntary dissolution of a corporation does not of itself constitute a breach of the lease. 16A Fletcher Cyclopedia on Corporations, § 8124; *Gill v. Houston Produce Terminal, Inc.* (1969 Tex.), 444 S.W.2d 800; *Town of Hampton v. Hampton Beach Improvement Company* (1965), 107 N.H. 89, 218 A.2d 442; *Barrowman Coal Corporation v. Kentland Coal and Coke Company* (Ky. Ct. App. 1946), 196 S.W.2d 428. It is generally held that a lease is a valuable asset of a corporation and that the rights and liabilities under the lease inure to the benefit of the corporation's shareholders:

> Assuming that the liquidating trustees of a dissolved corporate lessee find the lease a valuable asset of the corporation, which they desire to preserve for the benefit of the stockholders, rather than abandon it with the consequence of rendering the estate in liquidation accountable to the lessor in damages, the stockholders or other persons who are in equity entitled to the property of the corporation step into the shoes of the corporate lessee with the same rights and liabilities in respect to the lease as attached to the corporate lessee. (Footnote omitted) 49 Am.Jur.2d *Landlord and Tenant* § 997 (1970).

There may often be situations, however, where the shareholders do not wish to assume the liabilities of a corporate lease or to substitute themselves for the corporate entity as parties to the lease. In such cases, the shareholders or corporate officers in liquidation may expressly or impliedly abandon or repudiate the lease, which will result in liability to the lessor:

> However, the liquidating trustees or stockholders are not bound to adopt the lease, if in their judgment, it is not a valuable asset of the corporation, and they may elect not to take the lease over. But they may not elect to regard the lease as terminated without incurring a liability for the payment, out of the assets of the dissolved corporation, of a claim by the lessor for damages for breach of the lease, if not a claim for rent for the unexpired portion of the lease. 49 Am.Jur.2d *Landlord and Tenant* § 997 (1970).

In the case at bar, the facts surrounding the assignment of the lease and dissolution of the lessee corporation are substantially uncontroverted. The directors and shareholders of Lessee had no desire to continue the operation of the theatre and wished to transfer the entire responsibility for its operation to Assignee. Lessee in its brief has paraphrased the trial court's findings on this issue with apparent acceptance, as follows:

> The court found that there was really no conflict in the evidence on this point. He found the dissolving corporation was without skilled management for the operation of the property in question. Its directors were older persons for the most part, and there was no one on the board of directors capable and willing to engage in the active management of the real estate in question. On the other hand, the assignee was a well established well regarded company with proven management abilities in the operation in this type of specialized property and was far more likely to be able to adequately operate the property and pay the rent than was the original lessee. Brief of Lessee, at page 22.

There can be little doubt that Lessee intended the assignment and dissolution to be a complete and final termination of its business enterprise rather than a mere change in its form or structure. The liquidation of the corporate assets and distribution of those assets to the shareholders, under the facts of this case, was an express repudiation of the lease. The corporation was voluntarily

placing itself in a position in which it could not perform its obligations and was therefore in breach of the lease:

> A party is guilty of a breach of contract when either he places himself in such a position that it is beyond his power to perform his part of the contract or if he fails to perform all the obligations which he agreed to undertake. *Indiana Gas & Water Company v. Williams* (1961), 132 Ind. App. 8, 15, 175 N.E.2d 31, 34.

Having decided that Lessee committed an anticipatory breach of the lease by repudiating its obligations under that lease, the problem arises as to the proper measure of damages. Lessors contend that it would be proper to have a receiver appointed for the purpose of collecting the assets of Lessee to the extent of the present value of all future rentals, taxes, maintenance expenses, etc., due under the lease and to have a receiver hold that sum (which under the Lessors' computations would exceed $500,000.00) in escrow for the entire term of the lease to insure the full performance of the lease by Assignee. While such an arrangement may offer some surface logic, we think that, as a practical matter such a remedy would be grossly inequitable for all parties concerned, particularly when considering the extended period of time for which the lease is to continue (until the year 2015).

While there seems to be little Indiana law directly on point, the general rule allows a lessor an election of remedies upon a repudiation of the lease by the lessee. In such a situation, the lessor may elect to either (1) treat the lease as having been terminated and recover damages for breach of contract; or (2) treat the repudiation as a notice of intent to vacate by the lessee and file successive actions to recover each rental payment as it becomes due. 49 Am.Jur.2d *Landlord and Tenant* § 178 (1970). Where the lessor has elected to terminate a lease, his measure of damages will normally be the difference between the rent reserved in the lease for the unexpired term of the lease and the reasonable rental value for the premises for that term or the actual rent procured by a subsequent reletting. 49 Am.Jur.2d *supra.*

A further problem arises in this case from the fact that a long-term lease is involved. As a general rule, the lessor's damages would be computed by reference to the rent reserved for the entire term of the lease.

*Hirsch v. Merchants National Bank* (1975), 166 Ind. App. 497, 336 N.E.2d 833. However, where a lease is to run for a lengthy number of years into the future, an award of damages calculated by reference to the entire term of the lease would render a figure that would be so arbitrary and speculative as to be wholly inequitable. This fact was recognized in the case of *Hawkinson v. Johnston* (8th Cir. 1941), 122 F.2d 124, in which the judgment of the trial court allowing damages calculated on the basis of a ten year period for breach of a 99-year lease was affirmed as being reasonable under the facts of that case.

Returning to the facts of the present case, it does not appear that the Lessors have suffered any damages by virtue of the Lessee's breach. The evidence produced by the parties in this case shows that Assignee has fully performed all the covenants in the lease, including the payment of rentals. There seems to be no evidence of a bad faith assignment in this case. The trial court found Assignee to be a solvent corporation with assets of equal or greater value than that of Lessee and with a superior ability to manage and operate the leased premises. Further, we have found no evidence to show that the assignment and dissolution were merely an attempt to hide or shield Lessee's assets from an anticipated default in the covenants of the lease.

It is an elemental rule of law that, while a plaintiff will not be denied a recovery merely because of uncertainty as to the amount or valuation, in dollars, of the injury suffered, he is limited, ultimately, only to such relief as the evidence will support. *Jerry Alderman Ford Sales, Inc. v. Bailey* (1972), 154 Ind. App. 632, 291 N.E.2d 92. As was stated in *Ogle v. Wright* (1977), 172 Ind. App. 309, 319, 360 N.E.2d 240, 246:

> The fundamental rule of damages is that the party injured by the breach of contract is limited in recovery to the loss actually suffered by the breach. *Irving v. Ort* (1957), 128 Ind. App. 225, 146 N.E.2d 107.

The burden of pleading and proving damages rests with the plaintiff. *Daly v. Nau* (1975), 167 Ind. App. 541, 339 N.E.2d 71. Even if the plaintiff can show a breach of contract, he will not be entitled to a

recovery of damages if he can prove no injury resulting from the breach. *Gewartowski v. Tomal* (1955), 125 Ind. App. 481, 123 N.E.2d 580. Although Lessors in the case did show an anticipatory breach by Lessee, they failed to prove any injury as a result of that breach. Having failed to show any injury, they are not entitled to an award of damages, with the possible exception of an award of nominal damages. A failure to award nominal damages does not warrant a reversal. *Gewartowski v. Tomal, supra*. The judgment in favor of Lessees and against Lessors must therefore be affirmed.

In view of our holding in this case that Lessors have suffered no compensable injury, we feel it is unnecessary to discuss Lessors' issue number three as to the unconstitutional impairment of the lease contract.

Lessors have offered no specific argument and have cited no authorities which would demonstrate any error in the trial court's refusal to enter an injunction against the Indiana Secretary of State to restrain the issuance of a certificate of dissolution. Further, we can see no basis for such an order. The other remedies available to Lessors — the right to file an action for damages and petition for the appointment of a receiver under IC 1971, 34-1-12-1 (Burns Code Ed.) to preserve and collect the corporate assets — were sufficient to protect Lessor's interests. The trial court's denial of an injunction and its judgment in favor of the Secretary of State are therefore affirmed.

Lessors lastly argue that it was improper for the trial court to deny them an award of attorney's fees. They contend that the lease contained a valid provision which entitled them to a recovery of attorney's fees from Lessee.

The trial court held that Lessors were not entitled to a recovery of their attorney's fees because they failed to recover on the merits of their actions. One of the cases cited in support of this holding, *Taylor v. Lehman* (1897), 17 Ind. App. 585, 46 N.E. 84, 47 N.E. 230, does support, to some extent, a denial of attorney's fees. In *Taylor*, a lessor had sued her lessee for unpaid rent and lessee pleaded a setoff against that rental for damages resulting from the lessor's failure to make certain repairs to the leased premises. The Appellate Court stated that

because the lessee's setoff for damages exceeded the lessor's claim, she could not recover any attorney's fees:

> Construing the finding as a whole, its effect is, that when appellant [the lessor] filed her complaint there was nothing due her from the appellee [lessee]. There being nothing due for rent which appellant could recover in an action against the appellee, no attorney fee could be allowed. The same would be true of interest. *Taylor v. Lehman, supra,* 17 Ind. App. at 588.

We feel that the policy evinced in *Taylor* that a lessor may recover his attorney's fees under a provision in the lease only where he makes a successful recovery on the merits of his complaint is a sound one. While a contractual provision allowing a recovery of attorney's fees by a party is not of itself violative of public policy, a construction of such a provision allowing a recovery in unsuccessful actions would create an unnecessary likelihood of frivolous or oppressive lawsuits. The purpose of allowing an award of attorney's fees in a civil action is to more fully compensate a party who has successfully enforced his legal rights in court rather than to merely provide that person with free access to the courts at the expense of his opponent. The allowance of attorney's fees to a party who has no enforceable claim for relief would not further this purpose. The trial court did not err in denying an award of attorney's fees to Lessors.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE — Reported at 374 N.E.2d 546.