WILCOX LUMBER CO., INC.,
Appellant–Defendant,

v.

THE ANDERSONS, INC.,
Appellee–Plaintiff.

No. 08A020509–CV–917.

Court of Appeals of Indiana.

June 16, 2006.

---

Steven Knecht, Lafayette, IN, Attorney for Appellant.

Andrew B. Miller, Logansport, IN, Attorney for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Wilcox Lumber Company, Inc. ("Wilcox") appeals the trial court's damage award to Plaintiff–Appellee The Andersons, Inc. ("Andersons"). We affirm.

Wilcox raises one issue for our review, which we restate as: whether the trial court's damage award is erroneous.

Andersons, an Ohio company doing business in Indiana, owns real estate located in Carroll County, Indiana, which includes a large commercial building and surrounding real estate. In 2004, Andersons leased the commercial building and surrounding real estate to Advantage IX, LLC ("Advantage"), and Advantage sublet a portion of the building and surrounding area to Ben and Barbara Johnson d/b/a Johnson Towing Service ("Johnson").

Johnson entered into a contract with Wilcox for materials to improve the building and surrounding property, and Wilcox delivered material to and provided services for Johnson. Johnson failed to pay for the goods and services, and Wilcox filed a mechanic's lien against Andersons' proper-

ty. At the time Wilcox filed the lien, it knew Andersons owned the property, and Johnson had no interest therein.

After receiving notice of the lien, Andersons sent correspondence demanding the release of the lien. Wilcox refused to do so, and on February 17, 2005, Andersons filed a complaint to quiet title and for slander of title. Andersons subsequently filed a motion for summary judgment, asking the trial court to enter judgment quieting title and to order the release of the lien. The court granted summary judgment, finding that Wilcox had slandered Andersons' title. The court ordered Andersons to submit evidence pertaining to the damages suffered as a result of the slander of title.

Andersons filed its evidence, which included the affidavit of Andersons' counsel as well as detailed billing statements. The trial court entered a judgment for the amount established by the evidence, $7,671.67. The judgment consists almost entirely of attorney fees. Subsequent to this judgment, Wilcox filed a motion to correct error addressing the grant of summary judgment but not the propriety of the damage award. The trial court denied the motion, and this appeal ensued.

Wilcox contends that the trial court erred in not holding an evidentiary hearing before making an award of damages. Wilcox further contends that the evidence does not support the award and that the judgment is excessive. Finally, Wilcox contends that the award should not have included fees attributable to the preparation of the designated evidence.

Andersons designated specific evidence setting forth the basis for the attorney fees that make up the bulk of the damage award. Andersons also designated its counsel's affidavit, which stated that based upon counsel's knowledge of the fees charged in the community, the fee request was reasonable.

■■■ Wilcox did not object to the evidence designated by Anderson or request an evidentiary hearing pertaining to the award of damages.[1] When a party fails to make an objection to the trial court, it cannot raise the objection on appeal. *Verma v. D.T. Carpentry, LLC*, 805 N.E.2d 430, 433 (Ind.Ct.App.2004). A proper objection before the trial court permits the court to correct any errors at that time. *Davidson v. Bailey*, 826 N.E.2d 80, 85 n. 6 (Ind.Ct.App.2005). We have previously held that the failure to object to the admission at trial of evidence as to attorney fees constituted waiver of any contention on appeal with respect to the correctness and accuracy of that evidence. *See Lee and Mayfield, Inc. v. Lykowski House Moving Engineers, Inc.*, 489 N.E.2d 603, 611 (Ind. Ct.App.1986), *trans. denied*. The same principle applies in the present case where Wilcox failed to object to the evidence, present any evidence of its own, or request a hearing on the evidence. Thus, Wilcox has waived any issue of fact pertaining to the damage award.

■■■ Waiver notwithstanding, we note that the evidence was sufficiently specific to support the award, and the uncontested evidence, in the form of Andersons' counsel's affidavit, establishes that the attorney fees are reasonable. Furthermore, although a hearing on attorney fees is advisable in complex cases, it is not required in routine cases such as the instant one. *See Shell Oil Company v. Meyer*, 684 N.E.2d 504, 523 (Ind.Ct.App.1997), *affirmed in pertinent part*, 698 N.E.2d 1183 (Ind.1998).

■■■ Wilcox's final argument is based on *In re Estate of Inlow*, 735 N.E.2d 240, 253

---

1. Attorney fees are a proper measure of damages in slander of title actions. *Keilbach v.* *McCullough*, 669 N.E.2d 1052, 1054 n. 2 (Ind. Ct.App.1996).

(Ind.Ct.App.2000), in which we held as a matter of law that time spent preparing the fee petition is a routine cost of doing business that must be factored into an attorney's hourly rate. We reasoned that "[t]he preparation of a fee petition, as of any billing statement, is clearly a service performed for the attorney seeking to be paid, rather than a service performed for the estate." *Id.*

In *Walton v. Claybridge Homeowners Association, Inc.,* 825 N.E.2d 818, 825, (Ind.Ct.App.2005) we held that *Inlow* didn't apply in cases where an attorney fee award arose from a fee-shifting provision of a contract. We noted that the purpose of allowing an award of attorney fees in this type of case is "to more fully compensate a party who has successfully enforced his legal rights in court...." *Id.* (quoting *Rauch v. Circle Theatre,* 176 Ind.App. 130, 374 N.E.2d 546, 554 (1978)). We further noted that "when attorneys for the [appellee] prepared and defended the fee petition, they were acting on behalf of the prevailing party, just as they had done in obtaining [an] injunction and defending the trial court's judgment on appeal." *Id.* Specifically, the attorneys were taking the steps necessary to establish the attorney fees to which the appellee was entitled under the contract. Thus, "[r]equiring the [appellee] to absorb any fees or costs its attorneys incurred in establishing the fees would not fully compensate it for enforcing its rights." *Id.*

The present case is similar to *Walton.* The designation of evidence was ordered by the trial court as a means of proving the damages Andersons had incurred while defending its title. The attorney fees incurred in preparing the designation of evidence were a step toward proving the damages to which Andersons was entitled after it proved its case. Requiring Andersons to absorb any fees or costs its attorneys incurred in preparing the desig-

nation of evidence would not fully compensate Andersons for enforcing its rights.

Affirmed.

VAIDIK, J., and CRONE, J., concur.