

**FILED**

Dec 22 2015, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Bryan M. Truitt | Debra Lynch Dubovich |
| Bertig & Associates LLC | Levy & Dubovich |
| Valparaiso, Indiana | Merrillville, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Melissa Capellari, | December 22, 2015 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 37A05-1505-DR-479 |
| v. | Appeal from the Jasper Superior Court |
| Gino Capellari, | The Honorable James Ahler, Judge The Honorable Robert E. Hall, Senior Judge |
| *Appellee-Respondent* | Trial Court Cause No. 37D01-1109-DR-809 |

**Bailey, Judge.**

# Case Summary

[1]   Melissa Capellari ("Mother") and Gino Capellari ("Father") divorced. The trial court included as part of its order upon final dissolution of the marriage a settlement agreement ("the Agreement") that provided for child support,

parenting time, and other matters. The Agreement also included a fee-shifting provision.

[2] Father subsequently sought modification of his parenting time and child support from that provided for by the Agreement. Mother responded and requested payment of attorney fees if Father's requests were denied. The trial court subsequently denied Father's requests. The court also denied Mother's request for payment of attorney fees based upon its construction of the fee-shifting provision. Mother filed a motion to correct error, which the trial court also denied. Mother now appeals.

[3] We affirm.

# Issue

[4] Mother raises as the sole issue for our review whether the trial court erred in its construction of a provision in the Agreement.

# Facts and Procedural History

[5] Mother and Father were married on September 14, 2002. The marriage produced two children.

[6] On September 23, 2011, Mother filed a petition for dissolution of the marriage. During the dissolution proceedings, Mother and Father entered into The Agreement, which provided for distribution of marital assets, determination of parenting time based in part upon the Indiana Parenting Time Guidelines then

in effect, and child support. The Agreement also provided that Indiana law as of the time of the signing of the Agreement would determine all matters between the parties, except for questions concerning child support, which would be determined under the Child Support Guidelines in effect at the time any question arose. The Agreement further provided:

> In the event that any action is filed with regard to this Agreement, the unsuccessful party in the action shall pay to the successful party, in addition to all sums that either party may be called upon to pay, a reasonable sum for the successful parties [sic] attorney fees at the discretion of the court.

App'x at 57.

[7] On April 20, 2012, the trial court entered its decree dissolving the marriage. The court incorporated the Agreement as part of its order.

[8] On September 30, 2013, Father filed a Verified Petition for Rule to Show Cause ("the Show Cause Petition"), in which he averred that Mother had failed to comply with aspects of the Agreement. The same day, Father also filed a verified petition seeking modification of child support, modification of the division of payment for children's extracurricular activities, and modification of parenting time ("the Petition"). Specifically, Father sought modification of his parenting time in light of changes to the Parenting Time Guidelines that were made effective in 2013, after the entry of the Agreement. In the Petition, Father also challenged Mother's relocation to Porter County with the children.

[9] Mother responded to the Petition on August 14, 2014. In her response, Mother argued that Father was trying to circumvent the Agreement, and requested that

Father pay attorney fees Mother might incur in the event Father did not obtain his requested relief.

[10] An evidentiary hearing on the Petition was conducted over the course of several days, on October 28, 2014, November 7, 2014, and December 18, 2014. The trial court took the matter under advisement.

[11] On January 16, 2015, the trial court entered its order, which denied Father's requests for modification of parenting time and child support. The order also addressed mother's request for attorney fees. In denying the request for fees, the court stated that it had examined the fee-shifting provision of the Agreement, "which refers to the discretion of the court." App'x at 132. Concluding that neither Mother nor Father had acted blamelessly, and that the issues Father presented were "not wholly groundless," the court denied Mother's request for attorney fees. App'x at 132.

[12] On February 17, 2015, Mother filed a motion to correct error challenging the trial court's denial of her request for attorney fees. After a hearing on April 24, 2015, the trial court denied Mother's motion to correct error.

[13] This appeal ensued.

# Discussion and Decision

[14] Mother appeals the trial court's denial of her motion to correct error, which challenged the trial court's order denying her request that Father pay the attorney fees Mother incurred in defending against the Petition. We review a

trial court's decision on a motion to correct error for an abuse of discretion, which occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or when the trial court erred on a matter of law. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *trans. denied*.

[15] The underlying question here is a question of law: whether the fee-shifting provision in the Agreement required that the trial court award attorney fees to Mother when Father's petition was denied. Here, the Agreement was incorporated into a trial court's order. The Indiana Supreme Court has held that trial courts are "in the best position" to clarify their prior orders, and the authority of a trial court in a dissolution case to interpret its own divorce decree is "an extension of 'the necessary and usual powers essential to effectuate [the dissolution of a marriage.]'" *Fackler v. Powell*, 839 N.E.2d 165, 167 (Ind. 2005) (quoting *Behme v. Behme*, 519 N.E.2d 578, 582 (Ind. Ct. App. 1988)).

[16] The fee-shifting provision at issue in this case provides:

> In the event that any action is filed with regard to this Agreement, the unsuccessful party in the action shall pay to the successful party, in addition to all sums that either party may be called upon to pay, a reasonable sum for the successful parties [sic] attorney fees at the discretion of the court.

App'x at 57.

[17] In her appeal, Mother argues that the trial court abused its discretion when it did not award attorney fees, because the fee-shifting provision states that "the unsuccessful party in the action *shall* pay" the other party's fees. App'x at 57

(emphasis added). Under this construction, the language of the Agreement's fee-shifting provision means that the trial court was bound to order attorney fees, and thus the court's discretion would have been limited to determining what amount of fees constituted a reasonable amount. The trial court, however, interpreted the fee-shifting provision as preserving discretion not only in setting the amount of fees, but also in determining whether or not a party could recover attorney fees at all.

[18] The Agreement, together with its fee-shifting provision, was adopted as part of a trial court's order, and "the trial court retains jurisdiction to enforce its own decree, because it is in 'the best position to resolve questions of interpretation.'" *Schwartz v. Heeter*, 994 N.E.2d 1102, 1108 (Ind. 2013). The parties to an agreement, as well as the trial court, are presumed to have contemplated the law in effect at the time of the agreement. *Id.* In light of these standards, we think the trial court's interpretation was a reasonable one given the tension inherent in the statement that "the unsuccessful party in the action shall pay … [the other party's] attorney fees at the discretion of the court."

[19] Finding no error in the trial court's decision, we affirm its denial of Mother's motion to correct error with respect to the denial of her request for attorney fees.

[20] We write further today, however, to express concern with fee-shifting provisions in agreements related to child support and parenting time in light of our state's public policy. Our statutes provide that a trial court may, in its

discretion, order the payment of attorney fees in litigation concerning the enforcement or modification of parenting time orders. Ind. Code § 31-17-4-3; *also* I.C. § 31-15-10-1 (pertaining to attorney fees in initial dissolution proceedings). Such statutory provisions have as their purpose ensuring that "a party, who otherwise could not afford an attorney in connection with dissolution proceedings, have access to an attorney's services by providing that the other party is responsible for paying the attorney fees." *Beeson v. Christian*, 594 N.E.2d 441, 443 (Ind. 1992). Unlike the statutory scheme, fee-shifting provisions in contracts generally serve not to ensure access to the courts, but rather to ensure that the prevailing party in a contract dispute is made whole. *Walton v. Claybridge Homeowners Ass'n, Inc.*, 825 N.E.2d 818, 825-26 (Ind. Ct. App. 2005).

[21]  The purpose of fee-shifting provisions in the typical contract matter may contrast unfavorably with the public policy of this state with respect to the rights of children to a relationship with both parents, and to child support. The Indiana Supreme Court has long held that "the right of parents to visit their children is a precious privilege that should be enjoyed by noncustodial parents." *Perkinson v. Perkinson*, 989 N.E.2d 758, 762 (Ind. 2013) (quotations omitted). Children are not "to be treated as nothing more than a bargaining chip." *Id.* at 765. Accordingly, the *Perkinson* Court held that "an agreement to contract away a child's right to receive parenting time … must also be held as void as a matter of public policy." *Id.* The Indiana Supreme Court has also held that child support is duty owed by a parent to a child. *Schwartz*, 994 N.E.2d at 1107.

Thus, child support is not subject to the same negotiation and agreement as other civil matters. *Id.*

[22] The fee-shifting provision at issue here, construed as Mother suggests, would serve to penalize *any* unsuccessful effort at the modification of parenting time or child support. This outcome creates a significant disincentive for parents to seek additional parenting time with their children, and seems at odds with this state's public policy concerning the primacy of the best interest of the child with respect both to parenting time and child support. *See id.* at 1107. Here, however, the trial court was within the law and its discretion in interpreting its own order and reaching its conclusion denying Mother's request for attorney fees.

[23] Affirmed.

Crone, J., concurs.

Vaidik, C.J., concurs in result without separate opinion.