## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 05 2018, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Wayne C. Turner
Kenneth J. Munson
Hoover Hull Turner LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Dawn R. Rosemond
Lisa D. Starks
Barnes & Thornburg LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Richman and Lynette Gridley, as Trustee of the Hartunian Family Trust (u/d/t dated November 8, 1989),

*Appellants-Third Party Defendants,*

v.

JPMCC 2006-CIBC14 Eads Parkway, LLC,

*Appellee-Third Party Plaintiff*

September 5, 2018

Court of Appeals Case No. 18A-PL-727

Appeal from the Dearborn Superior Court

The Honorable Jonathan N. Cleary, Judge

Trial Court Cause No. 15D01-0904-PL-12

**Baker, Judge.**

David Richman and Lynette Gridley, as Trustee of the Hartunian Family Trust (collectively, the Guarantors), appeal the trial court's order granting the request for attorney fees made by JPMCC 2006-CIBC14 Eads Parkway, LLC (JPMCC). The Guarantors raise multiple arguments, one of which we find dispositive: that the trial court erred by awarding all of JPMCC's requested attorney fees, including those fees that related to claims that JPMCC lost. Finding the award erroneous, we reverse and remand with instructions.

## Facts

The lengthy underlying history of litigation in this case began in April 2009, when DBL Axel, LLC (DBL), filed a complaint for a declaratory judgment against JPMCC and the Guarantors, among others. DBL had received a loan that was secured by a mortgage on real property in Dearborn County. The Guarantors had guaranteed the mortgage,[1] which was eventually assigned to JPMCC. DBL defaulted on the loan. DBL and the City of Lawrenceburg engaged in litigation related to the property, pursuant to which the City ultimately obtained portions of the mortgaged property and easements in exchange for an award paid to DBL and JPMCC. After that, DBL filed the declaratory action to determine how the settlement proceeds would be applied to its mortgage.

---

[1] The guaranty included a fee-shifting provision allowing JPMCC to recover certain losses, including attorney fees. Appellants' App. Vol. III p. 4. It is undisputed that the provision applies to this case.

[3]     In addition to filing an answer to DBL's complaint, JPMCC filed a counterclaim and third-party complaint asserting five counts against DBL and one count against the Guarantors.[2] JPMCC later amended its counterclaim and third-party complaint, asserting ten counts against DBL and the Guarantors.[3] All parties filed summary judgment motions and, on June 3, 2011, the trial court entered summary judgment in favor of JPMCC (as to liability only) and against DBL on JPMCC's claims for breach of contract, replevin, and foreclosure. It ruled against JPMCC and in favor of DBL on the remaining counts and against JPMCC and in favor of the Guarantors as to the sole claim asserted against them. The trial court subsequently awarded JPMCC damages against DBL of approximately $13.2 million and attorney fees in the amount of approximately $488,000.

[4]     JPMCC appealed the summary judgment order. This Court ruled as follows:

- We reversed the trial court's order in favor of DBL on its declaratory judgment claim, holding that summary judgment should have been granted in JPMCC's favor on that count.
- We affirmed summary judgment for DBL and against JPMCC on each of JPMCC's five tort claims.

---

[2] The first appeal in this litigation occurred when DBL appealed the trial court's order directing it to immediately turn over its funds. This Court eventually reversed on rehearing. *DBL Axel, LLC v. LaSalle Bank Nat'l Ass'n*, 946 N.E.2d 1173 (Ind. Ct. App. 2011).

[3] The claims were as follows: (1) breach of contract against DBL; (2) theft and conversion against DBL; (3) constructive fraud against DBL; (4) actual fraud against DBL; (5) fraudulent conveyance against DBL and other parties not relevant to this appeal; (6) criminal mischief against DBL; (7) breach of guaranty against the Guarantors; (8) replevin against DBL; (9) foreclosure against DBL; and (10) appointment of a receiver against DBL. Appellants' App. Vol. II p. 91-108.

- We reversed summary judgment for the Guarantors only as to the breach of the guaranty agreement with respect to two installments of certain payments and affirmed summary judgment for the Guarantors as to their liability on the balance of the debt owed by DBL to JPMCC.

*JPMCC 2006-CIBC14 Eads Parkway, LLC v. DBL Axel, LLC*, 977 N.E.2d 354 (Ind. Ct. App. 2012), *trans. denied*. In relevant part, this Court concluded that JPMCC's tort claims "are not viable against any party," *id.* at 367 n.11, and that the Guarantors "are not liable under the guaranty for the balance of the debt," *id.* at 368.

On August 23, 2017, nearly five years after this Court's decision, the trial court directed JPMCC to file a motion for fees and costs and for Guarantors to respond. JPMCC filed its motion on October 4, 2017, seeking a total amount of $431,651.50 in attorney fees from the Guarantors. Guarantors objected to all but $57,769 of the requested attorney fees, arguing that the remainder related to claims upon which JPMCC did not prevail. Following briefing and a hearing, on March 5, 2018, the trial court entered an order summarily awarding, in relevant part, attorney fees to JPMCC in the amount of $430,994.68.[4] The Guarantors now appeal.

---

[4] The reason for the approximately $1,000 discrepancy between the amount requested by JPMCC and the amount ordered by the trial court is unclear.

# Discussion and Decision

The Guarantors argue that the trial court erred by ordering them to pay nearly all attorney fees requested by JPMCC. We will reverse a trial court's attorney fee award only if the decision clearly contravenes the logic and effect of the facts and circumstances or if the trial court has misinterpreted the law. *E.g.*, *Kitchell v. Franklin*, 26 N.E.3d 1050, 1056 (Ind. Ct. App. 2015).

As a general rule, Indiana follows the American Rule, which requires each party to a lawsuit to pay its own attorney fees. *E.g.*, *Gerstbauer v. Styers*, 898 N.E.2d 369, 379 (Ind. Ct. App. 2008). Parties may, however, shift the obligation by agreement. *Id.* It is well established that such fee-shifting provisions will only be enforced for claims on which the fee-seeking party prevailed. *Willie's Constr. Co. v. Baker*, 596 N.E.2d 958, 963 (Ind. Ct. App. 1992). The rationale for this policy is as follows:

> "While a contractual provision allowing recovery of attorney's fees by a party is not of itself violative of public policy, a construction of such provision allowing a recovery in unsuccessful actions would create an unnecessary likelihood of frivolous or oppressive lawsuits. The purpose of allowing an award of attorney's fees in a civil action is to more fully compensate a party who has successfully enforced his legal rights in court rather than to provide that person with free access to the courts at the expense of his opponent."

*Id.* (quoting *Rauch v. Circle Theatre*, 176 Ind. App. 130, 141, 374 N.E.2d 546, 554 (Ind. Ct. App. 1978)); *see also Gerstbauer*, 898 N.E.2d at 379 (holding that the

purpose of allowing attorney fee awards is to more fully compensate the party who has successfully enforced his legal rights in court).

[8] As noted above in the Facts section, there is a lengthy history of litigation between these parties and others. JPMCC alleged ten counterclaims and third-party claims, and ultimately prevailed (at least in part) on only three of them. JPMCC failed on its seven other claims, including the most vigorously contested ones. But JPMCC's fee request, which was granted nearly in full by the trial court, encompasses *all* of the litigation—including the claims it lost.

[9] As attorney fee-shifting provisions are applied only to claims on which the fee-seeking party prevailed, the trial court erred by awarding nearly all the attorney fees requested by JPMCC.[5] We reverse and remand with instructions to revise the fee award such that it includes only the attorney fees clearly and specifically related to the claims on which JPMCC prevailed.[6]

---

[5] JPMCC spends much of its brief focusing on the trial court's detailed and methodical approach to calculating attorney fees, as well as the wealth of evidence before it regarding those fees. However broad the evidence and however detailed and methodical the process may have been, it is nonetheless true that the trial court made an error of law by awarding fees related to claims that JPMCC lost.

Moreover, JPMCC maintains that the Guarantors are attempting to get a second bite of the apple by making many of the same arguments they made to the trial court—but that is, quite simply, the point of a direct appeal. We are evaluating the arguments made to the trial court, as well as its rulings thereon. We expect that both parties to an appeal will "rehash" the arguments made to the trial court. Appellee's Br. p. 15.

[6] Many of JPMCC's time entries are quite general; for example, some state that an attorney "worked on summary judgment" or "worked on appellate brief" or "prepared for depositions[.]" Appellants' App. Vol. III p. 17-141. These general descriptions do not suffice to establish that the fees for that time clearly and specifically relate to the claims on which JPMCC prevailed. On remand, if JPMCC hopes to recoup some of its fees for these general entries, it will have to find a way to establish which entries are related to its winning claims and which are not.

The judgment of the trial court is reversed and remanded with instructions.

May, J., and Robb, J., concur.