Doyle D. BOLDEN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A05–0005–CR–211.

Court of Appeals of Indiana.

Oct. 24, 2000.

Carl J. Sandy, Heide Sandy Deets & Kennedy, Lafayette, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

Doyle Bolden appeals the trial court's reinstatement of his conviction by jury of operating a vehicle with at least .10% of alcohol by weight in grams in 210 liters of his breath, a violation of Ind.Code § 9–30–5–1(a)(2).

We reverse.

### ISSUE

Whether the trial court erred
in reinstating Bolden's
conviction.

### FACTS

On June 29, 1999, a jury convicted Bolden of operating a vehicle with at least .10% of alcohol by weight in grams in 210 liters of his breath, a violation of I.C. § 9–30–5–1(a)(2). On July 14, 1999, Bolden filed a motion to correct error asking the trial court to vacate his conviction. In support of his motion, Bolden directed the court to *Sales v. State*, 714 N.E.2d 1121, 1129 (Ind.Ct.App.1999), *trans. granted,* decided on July 7, 1999, wherein this court concluded that I.C. § 9–30–5–1(a)(2) was defective on its face. At a hearing on the motion conducted on August 19, 1999, the State asked the court to hold the matter under advisement until the supreme court

decided whether to grant the State's petition for transfer in *Sales*. However, on August 24, 1999, the trial court granted Bolden's motion, vacated his conviction, and ordered a new trial. The State did not appeal the grant of the motion.

On January 18, 2000, the supreme court granted the State's petition for transfer in *Sales*. Less than a month later, on February 2, 2000, the State filed a motion to reconsider pursuant to Ind. Trial Rule 60(B) wherein it asked the trial court to reinstate Bolden's conviction. On February 14, 2000, the State filed an amended motion to reconsider pursuant to T.R. 60(B) wherein it advised the court that the supreme court had issued an opinion on February 7, 2000, vacating that portion of *Sales* which concluded that I.C. § 9–30–5–1(a)(2) was defective. *See Sales v. State*, 723 N.E.2d 416 (Ind.2000). The State again asked the trial court to reinstate Bolden's conviction. Following a hearing conducted on February 9, 2000, the trial court granted the State's motion to reconsider and reinstated Bolden's conviction on February 15, 2000.

*DECISION*

 Bolden argues that the trial court erred in granting the State's motion to reconsider pursuant to T.R. 60(B) and reinstating his conviction. According to Bolden, the State did not timely appeal the trial court's August 24, 1999, vacation of his conviction and cannot now use T.R. 60(B) to revive its expired appeal. We agree.

 On August 24, the trial court granted Bolden's motion to correct error, vacated his conviction, and ordered a new trial. This order was a final judgment from which an appeal could have been taken. *See F.E.H., Jr. v. State*, 715 N.E.2d 1272, 1275 (Ind.Ct.App.1999)(quoting *Montgomery, Zukerman, Davis, Inc. v. Chubb Group of Insurance Companies*, 698 N.E.2d 1251, 1253 (Ind.Ct.App.1998), *trans. denied* ("A final appealable order or judgment is one which disposes of all of the issues as to all of the parties and puts an end to the particular case.")). A final judgment can only be challenged as erroneous by a timely taken appeal. Specifically, the appealing party has 30 days after the entry of judgment to file a praecipe. *See* Ind. Appellate Rule 2(A).

 Here, the State did not appeal the trial court's grant of Bolden's motion. Rather, almost six months after the trial court granted Bolden's motion, the State filed a motion pursuant to T.R. 60(B). However, this court has previously stated that "T.R. 60(B) is not a substitute for a belated appeal, nor can it be used to revive an expired attempt to appeal." *Masterson v. State*, 511 N.E.2d 499, 500 (Ind.Ct.App. 1987). Further, T.R. 60(B) "envisions exceptional and extraordinary circumstances." *Id.*

Upon entry of the August 24 judgment, the State's remedy was to appeal the judgment by filing a praecipe within 30 days of the judgment. This the State failed to do. The State cannot now use T.R. 60(B) to revive its expired appeal. We further note that we find no exceptional or extraordinary circumstances in this case.

Reversed.

FRIEDLANDER, J., and KIRSCH, J., concur.