Lance DAWSON, Appellant–Plaintiff,

v.

Thomas NEWMAN, Jr., Appellee–Defendant.

No. 49A05–0504–CV–206.

Court of Appeals of Indiana.

April 18, 2006.

Michael K. Sutherlin, Nicholas D. Conway, Michael K. Sutherlin & Associates, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

MAY, Judge.

Lance Dawson appeals the dismissal under Ind. Trial Rule 12(B)(6) of his suit against Judge Thomas Newman, Jr. Dawson raises two issues, which we consolidate and restate as whether Judge Newman is protected by absolute judicial immunity under the facts alleged in the complaint. We affirm.[1]

---

1. On November 21, 2005, Dawson filed in this Court a verified motion for leave to file a Rule 60(B) motion with the trial court. Under *Logal v. Cruse,* 267 Ind. 83, 368 N.E.2d 235 (1977), we "make a preliminary determination of the merits of the movant's 60(B) grounds. In so doing [we] will determine whether, accepting appellant's specific non-

## FACTS AND PROCEDURAL HISTORY

In 1990, Dawson pled guilty to burglary. He was sentenced to six years, all of which were suspended, and was placed on three years of probation. In 1992, the State brought proceedings to revoke Dawson's probation. The revocation hearing was rescheduled several times until February 1993, when a continuance was granted but no new hearing date was set. In June 2000, the State filed an amended notice of probation violation and in October 2000, Dawson's probation was revoked. He was committed to the Department of Correction (DOC) to serve his original six-year term. Judge Newman presided at the hearing.

In *Dawson v. State*, 751 N.E.2d 812 (Ind.Ct.App.2001), we held Dawson's probation had been improperly revoked. We remanded, and our opinion was sent via fax machine to Judge Newman's court that day. That same day, via a CCS entry, Judge Newman ordered Dawson's release. However, no action was taken by the trial court to effectuate the order. The DOC received a copy of our opinion from the trial court the day it was handed down and, a week later, transferred Dawson from an out-of-state facility to the Plainfield, Indiana, facility because of his "possible release on appeal." (Appellant's App. at 14.) However, Dawson remained in the DOC for more than a year until September 6, 2002. He was kept on parole for a year following his release.

In 2003, Dawson filed suit in state court against Judge Newman and others for a violation of 42 U.S.C. § 1983, for a violation of his rights under the Indiana Constitution and for false imprisonment and negligence under state law. The defendants removed the case to federal district court. The federal district court dismissed the federal claims on the ground all defendants enjoyed judicial immunity or derivative judicial immunity, and dismissed the state claims without prejudice so Dawson could refile them in state court. Dawson appealed to the Seventh Circuit, which upheld the grant of judicial immunity to Judge Newman but reversed the district court with respect to the other defendants.[2] Dawson's petition for rehearing *en banc* with the Seventh Circuit was denied. A petition for *certiorari* with the Supreme Court of the United States is pending.[3]

---

conclusory factual allegations as true there is a substantial likelihood that the trial court would grant the relief sought." *Id.* at 86, 368 N.E.2d at 237. Dawson's basis for a 60(B) motion is new evidence, specifically deposition testimony from Judge Newman and his court reporter. Having considered Dawson's motion under this standard, we deny it for the reasons set forth in this opinion.

2. The Seventh Circuit concluded:
Dawson's claims against Judge Newman are premised upon an alleged violation of what Dawson contends is a *personal* statutory duty of the judge, which necessarily involves an act or omission by the judge as part of the judicial case processing function. Assuming arguendo that Dawson's premise is correct (that the statute imposes a personal duty on the judge), it follows that the acts or omissions in the performance of that judicial duty are immunized. To the extent that the statute imposes a duty on the judge at all, that duty implicates the judge's role *as judge* rather than as an administrative or clerical officer.
*Dawson v. Newman*, 419 F.3d 656, 661–62 (7th Cir.2005) (emphasis original), *reh'g and reh'g en banc denied, petition for cert. filed* (March 6, 2006) (No. 05–1147).

3. The timely filing of a petition for rehearing *en banc* stays the mandate until disposition of the petition, unless the court orders otherwise. Fed. R.App. P. 41(d)(1). The Seventh Circuit denied Dawson's petition for rehearing *en banc* on December 6, 2005, after briefing was completed in this appeal. A petition for *certiorari* was filed on March 6, 2006 and a response is due April 10, 2006. Upon motion and timely filing of a petition for *certiorari,* the court may stay the mandate until the

In August 2004, Dawson re-filed his state law claims against Judge Newman and others in the Marion Circuit Court. The relevant portions of his complaint follow:

5. Defendant Madison County Superior Court Judge Thomas Newman Jr. was at all times relevant employed as a Superior Court Judge for the Madison County Unified Court system in Madison County, Indiana the 50th Judicial District. Judge Newman is being sued in his individual and official capacity under state law for false imprisonment and negligence, for his failure to act administratively (not judicially) in issuing an appropriate document, directed to the Department of Correction ordering the release of Mr. Dawson, pursuant to normal procedures.

\* \* \* \* \*

25. On July 18, 2001, based upon a brilliant appellate brief, the Indiana Court of Appeals in *Dawson v. Indiana*, 751 N.E.2d 812 (Ind.Ct. App.2001), held that the trial court improperly revoked Dawson's probation and ordered his immediate release.

26. A docket entry dated July 18, 2001, by the Honorable Judge Newman ordered Dawson released from the Department of Correction.

27. Even though the criminal docket shows that Defendant Judge Newman ordered Dawson's release, he and/or his staff failed to take the necessary administrative steps to ensure his release from DOC.

28. There is no documentation of any order being sent to the Department of Correction.

\* \* `\* \* \*

31. The Court was under an obligation to send certified copies of Dawson's modified sentence to the Department of Correction, under IC 35–38–1–16.[4]

32. There was, however, some communication between the Court and the Department of Correction.

33. The same day the Court of Appeals issued its decision ordering Dawson's release, Judge Newman's Court sent a fax to the Department of Correction which included the appellate decision.

\* \* \* \* \*

39. Despite the Indiana Court of Appeals['] ruling and Defendant Judge Newman's order, Dawson remained incarcerated up to and including September 6, 2002, over a year after his ordered release.

\* \* \* \* \*

50. Defendants Newman and DOC failed to exercise reasonable or or-

Supreme Court's final disposition. Fed. R.App. P. 41(d)(2).

As neither party has provided supplemental information regarding the federal case, we do not know whether a motion to stay the Seventh Circuit's mandate was filed or granted. For the purposes of this appeal, we treat the Seventh Circuit's mandate as stayed pending final disposition by the Supreme Court and address the merits of this appeal.

4. Ind.Code § 35–38–1–16 provides: "Whenever: (1) a court corrects an erroneous sentence or modifies a previously imposed sentence; and (2) the convicted person is incarcerated or is to be incarcerated by the department of correction; the court shall immediately send certified copies of the corrected or modified sentence to the department of correction."

dinary care by failing to release Dawson in a prompt manner, thus allowing him to remain incarcerated for fourteen months after he was ordered released, thereby subjecting him to false imprisonment.

\* \* \* \* \*

55. Defendant Newman also caused Dawson to be falsely imprisoned.

56. Defendant Newman failed to act administratively in issuing an appropriate document, directed to the Department of Correction, ordering the release of Mr. Dawson. Defendant Newman failed to take the appropriate steps to comply with the Court of Appeals decision, and with his own docket entry, and thereby caused Mr. Dawson's unlawful incarceration.

(*Id.* at 10, 14–17) (footnote added).

The defendants moved for dismissal on T.R. 12(B)(6) grounds, again arguing judicial immunity and derivative judicial immunity. In February 2005, the trial court dismissed the suit against Judge Newman on the ground of judicial immunity but denied the motion to dismiss as to the other defendants. The trial court entered final judgment with respect to Judge Newman under T.R. 54(B) and Dawson initiated this appeal.

### DISCUSSION AND DECISION

 Trial Rule 12(B)(6) provides a civil action may be dismissed for "failure to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of a claim, not the facts supporting it. *Scruggs v. Allen County/City of Fort Wayne,* 829 N.E.2d 1049, 1051 (Ind.Ct.App.2005), *reh'g. denied.* Under T.R. 12(B)(6), a trial court's grant of a motion to dismiss is proper if the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Watson v. Auto Advisors, Inc.,* 822 N.E.2d 1017, 1023 (Ind.Ct.App.2005), *trans. denied* 831 N.E.2d 749 (Ind.2005). In making this determination, the court must look only to the complaint and may not resort to any other evidence in the record. *Id.* The court considers the allegations in the complaint to be true. *Id.* Such a motion should be viewed in the light most favorable to the non-moving party and all inferences should be resolved in the non-moving party's favor. *Id.*

 We review *de novo* the trial court's dismissal pursuant to T.R. 12(B)(6). *Id.* Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts on which the trial court could have granted relief. *Id.* If a complaint states a set of facts that, even if true, would not support the relief requested therein, we will affirm the dismissal. *Id.* We may affirm the grant of a motion to dismiss if it is sustainable on any theory. *Id.*

 It is well-settled that judges are entitled to absolute judicial immunity for all actions taken in the judge's judicial capacity, unless those actions are undertaken in the complete absence of jurisdiction. *Mendenhall v. City of Indianapolis,* 717 N.E.2d 1218, 1226 (Ind.Ct.App.1999), *trans. denied* 735 N.E.2d 225 (Ind.2000). The policy underlying this grant of immunity is the preservation of judicial independence in the decision-making process. *Id.* In determining whether a person is entitled to the benefit of judicial immunity, we employ the functional approach established by the United States Supreme Court. *Id.*

> [T]he factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

*Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), *reh'g denied.* A third related factor considered by courts is "whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge." *Lowe v. Letsinger,* 772 F.2d 308, 312 (7th Cir.1985) (citing *Ex Parte Virginia,* 100 U.S. 339, 348, 25 L.Ed. 676 (1879)).

Dawson's complaint, in essence, alleges Judge Newman failed to carry out the administrative duty imposed on him by Ind.Code § 35–38–1–16 and is therefore not immune from suit.[5] Considering the factors outlined by the Supreme Court, however, Judge Newman is entitled to judicial immunity for the court's failure to notify the DOC of the order.

Various parties, including the DOC,[6] were dealing with Newman as a judge acting in his judicial capacity. Considering the nature of the act, we acknowledge that sending certified copies of a corrected sentencing order to the DOC *may* be considered an administrative task—that is, a task that "might as well have been committed to a private person as to a judge," *Lowe,* 772 F.2d at 312, and a task that is not "normally performed by a judge." *Stump,* 435 U.S. at 362, 98 S.Ct. 1099. However, such a task is typically also part of the case processing function assigned to a trial court and a judge may be disciplined for failing, *e.g.,* to reduce oral orders to writing, to make appropriate CCS entries and to transmit orders to the clerk of the court in a timely manner. *See In re Kouros,* 816 N.E.2d 21 (Ind.2004) (dismissing judge from office for continuing inability to manage case load). Because we agree with the Seventh Circuit that the "functioning of the system is more important than some particular and rare judicial misdeed which can be dealt with in other ways," we decline to "label some part of the judicial process as administrative or ministerial and thereby encroach on the judicial defense of absolute immunity, as disturbing as the judicial conduct may be[.]" *Lowe,* 772 F.2d at 313.

Affirmed.

FRIEDLANDER, J., and CRONE, J. concur.

---

**5.** The statute assigns this duty to "the court." Ind.Code § 35–38–1–16. Dawson apparently assumes this necessarily refers to the judge personally, as opposed to the court as an institution, which would also include clerical and administrative staff. It does not. *See State ex rel. Harp v. Vanderburgh Circuit Court,* 227 Ind. 353, 361, 85 N.E.2d 254, 257 (1949) ("The court could not exist without a judge, but the judge is not the court.... The judge of a court, while presiding over the court, is by common courtesy called 'the court,' and the words 'the court' and 'the judge' or 'judges' are frequently used in our statutes as synonymous.") (internal citations omitted).

Judge Newman argues the statute is not applicable because he did not correct or modify Dawson's sentence but rather set it aside entirely. We disagree. Although the court did not receive a motion to correct erroneous sentence or a petition for sentence modification, the setting aside of an erroneous sentence is both "the act or an instance of making right what is wrong" (i.e., a "correction," *see* Black's Law Dictionary at 347 (7th ed.1999)) and "a change to something [or] an alteration" (i.e., a "modification," *see id.* at 1020).

**6.** Dawson's second enumerated issue on appeal is whether Judge Newman is "absolutely immune from suit for failing to inform a parole officer, who seeks the direction of the court, of the court's decision." (Br. of Appellant at 1.) Although the argument is not well-developed, this formulation of the issue reveals the DOC dealt with Judge Newman as a judge acting in his judicial capacity.