**Walker WHATLEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–1007–CR–839.

Court of Appeals of Indiana.

Nov. 29, 2010.

Walker Whatley, Pendleton, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Walker Whatley, *pro se*, appeals the dismissal of his motion for re-trial under Ind. Trial Rule 60(B). Whatley raises one issue, which we revise and restate as follows: whether the trial court erred in dismissing his motion for re-trial under Rule 60(B). We affirm.

The relevant facts as discussed in Whatley's direct appeal follow:

[On] March [20], 2008, Whatley was arrested at his home on a warrant issued in an unrelated case. During a search incident to arrest, the arresting officer discovered a bag containing 3.2459 grams of cocaine in Whatley's pocket. In relevant part, the State

charged Whatley with possession of cocaine as a Class A felony. Possession of cocaine is ordinarily a Class C felony, but possession of three grams or more of cocaine within 1,000 feet of a youth program center elevates the offense to a Class A felony. Ind.Code § 35–48–4–6. Whatley's home, where the arrest occurred, was located approximately 795 feet from Robinson Community Church ("RCC").... The jury found that the enhancement was supported by the evidence and the court sentenced Whatley to a term of 35 years.

*Whatley v. State,* 928 N.E.2d 202, 203–204 (Ind.2010) (footnote omitted). An entry in the chronological case summary ("CCS") shows that on June 23, 2008, the jury rendered its verdict and the court entered judgment of conviction. Whatley filed *a pro se* motion to correct error on July 10, 2008, alleging that the RCC was not a youth program center, and the court denied the motion on August 1, 2008. On August 12, 2008, after a hearing, the court entered judgment of conviction and sentenced Whatley.

On September 9, 2008, Whatley filed a notice of appeal from the final determination dated August 12, 2008. The Court of Appeals reversed Whatley's conviction on the grounds that RCC did not qualify as a "youth program center" and remanded with instructions to enter the conviction as a Class C felony. *Whatley v. State,* 906 N.E.2d 259 (Ind.Ct.App.2009), *vacated by* 928 N.E.2d 202. The Indiana Supreme Court granted transfer and issued an opinion on June 8, 2010, which affirmed Whatley's conviction and sentence. *Whatley,* 928 N.E.2d at 208.

On June 14, 2010, Whatley filed a motion for re-trial under Ind. Trial Rule 60(B), to which he attached several pages as exhibits. In his motion, Whatley alleged that " 'newly discovered evidence' will result in

a different verdict" and that "[l]aboratory [e]vidence used by the State in the above-styled case was not from the March 20, 2008, incident." Appellant's Appendix at 69.

On June 22, 2010, the court dismissed Whatley's motion and stated that "the defendant was sentenced on August 12, 2008, and therefore the time for filing a motion to correct errors would have expired September 12, 2008," that "[t]he letter defendant attached as an exhibit to his motion for re-trial is dated August 12, 2008 and postmarked August 19, 2008," and that "[t]he pleadings in the case file on their face indicate that the evidence was readily available to the defendant in time to move for a motion to correct errors under Rule 59." *Id.* at 75–76.

■ We initially note that although Whatley is proceeding *pro se,* such litigants are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State,* 809 N.E.2d 338, 344 (Ind.Ct.App.2004), *trans. denied.*

The issue is whether the court erred in dismissing Whatley's motion for re-trial under Rule 60(B). Motions for relief from judgment are governed by Ind. Trial Rule 60(B), which provides, in relevant part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> \* \* \* \* \* \*
>
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59; [or]
>
> \* \* \* \* \* \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

■ The grant or denial of an Indiana Trial Rule 60(B) motion for relief from judgment is within the sound discretion of the trial court, and we will reverse only if the trial court abused its discretion. *State v. Willits,* 773 N.E.2d 808, 811 (Ind.2002). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.* Rule 60(B) is not a substitute for a belated appeal, nor can it be used to revive an expired attempt to appeal. *Bolden v. State,* 736 N.E.2d 1260, 1261 (Ind.Ct.App.2000). Rule 60(B) provides relief in exceptional and extraordinary circumstances. *Id.*

■ Whatley argues that the exhibits attached to his motion under Rule 60(B), including a letter he received from a forensic laboratory on August 21, 2008, supported his application for a new trial. The State argues that the documents attached to Whatley's motion were "provided to him by or around August 19, 2008" and that Whatley "had thirty (30) days to raise this issue of 'newly discovered evidence,'" but that Whatley "failed to do so by about two

years time." Appellee's Brief at 5. In his reply brief, Whatley argues that he started his appeal on August 12, 2008, which "abolish[ed] any further proceedings in the lower court ... [t]hus preserving this issue of newly discovered evidence...." Appellant's Reply Brief at 2.

The record reveals that the trial court entered judgment of conviction and imposed Whatley's sentence on August 12, 2008. Whatley's motion for re-trial under Rule 60(B) stated that it was "based upon Newly Discovered Evidence," which was permitted under Rule 60(B)(2). *See* Rule 60(B) (the court may relieve a party from a judgment for reasons which include "(2) any ground for a motion to correct error, including without limitation *newly discovered evidence,* which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59 ....") (emphasis added).[1] However, Rule 60(B) also provides that "[t]he motion shall be filed ... *not more than one year after the judgment,* order or proceeding was entered or taken for reasons (1), (*2*), (3), and (4)." (Emphases added). Whatley filed his Rule 60(B) motion "for reason[ ](2)" on June 14, 2010, which was later than the date one year after judgment was entered on August 12, 2008. Thus, Whatley's motion for re-trial was untimely under Rule 60(B).

■ To the extent that Whatley suggests that the issue of the alleged newly discovered evidence was preserved when he pursued direct appeal, we cannot agree. In *Logal v. Cruse,* the Indiana Supreme Court adopted a procedure for disposition of Rule 60(B) motions while a judgment is

---

1. Rule 59(A) provides in part:
   A Motion to Correct Error is not a prerequisite for appeal, except when a party seeks to address: (1) Newly discovered material evidence, including alleged jury misconduct, capable of production within thirty (30) days of final judgment which, with reasonable diligence, could not have been discovered and produced at trial....

on appeal. 267 Ind. 83, 86, 368 N.E.2d 235, 237 (Ind.1977), *cert. denied,* 435 U.S. 943, 98 S.Ct. 1523, 55 L.Ed.2d 539 (1978). In short, a party seeking to file a Rule 60(B) motion must file a verified petition with the appellate court seeking leave to file the motion. *Id.* If the appellate court determines that the motion has sufficient merit, it will remand the entire case to the trial court for plenary consideration of the Rule 60(B) grounds. *Id.* Such a remand will terminate the appeal. *Id. See also Davis v. State,* 267 Ind. 152, 156, 368 N.E.2d 1149, 1151 (Ind.1977) (reiterating the procedure set forth in *Logal* for consideration of motions for relief from civil judgments under Rule 60(B)); *Dawson v. Newman,* 845 N.E.2d 1076, 1077 n. 1 (Ind. Ct.App.2006) (noting that the procedure for filing a motion for leave to file a Rule 60(B) motion with the trial court under *Logal* ), *trans. denied.* In the present case, in order to file a Rule 60(B) motion with the trial court while his case was on appeal, Whatley would have been required to follow the procedure above, and the record shows that Whatley did not attempt do so.

■ Further, even if Whatley had filed his Rule 60(B) motion in a timely fashion or in accordance with the procedure set forth above, we observe that Whatley's motion as set forth in the record included several attachments. Those attachments included (1) a letter dated August 12, 2008, from the Indianapolis–Marion County Forensic Services Agency; (2) the envelope in which the August 12, 2008 letter was delivered, which was postmarked August 19, 2008; (3) a laboratory examination report dated April 25, 2008, containing the results of a drug chemistry examination; and (4) a police report related to an August 4, 2003 crime. The August 12, 2008 letter, which was postmarked on August 19, 2008 and received by Whatley on Au-

gust 21, 2008 according to his motion, stated that it enclosed a drug analysis report. As previously mentioned, the court entered judgment of conviction and sentenced Whatley on August 12, 2008. Based upon Whatley's motion and the dates of the attached documents, Whatley did not demonstrate that the alleged newly discovered evidence could not have been discovered by due diligence in time for Whatley to move for a motion to correct error under Rule 59.

For the foregoing reasons, we affirm the court's dismissal of Whatley's Rule 60(B) motion.

Affirmed.

RILEY, J., and ROBB, J., concur.