Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

APPELLANT PRO SE:

**DAVID DARST**
Indiana State Prison
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana



FILED

Dec 27 2012, 9:42 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID DARST,                                )
                                            )
    Appellant-Plaintiff,                    )
                                            )
        vs.                                )    No.  46A03-1206-CT-288
                                            )
INDIANA DEPARTMENT OF CORRECTION            )
and BRUCE LEMMON in his official capacity   )
as COMMISSIONER,                            )
                                            )
    Appellee-Defendants.                    )

APPEAL FROM THE LAPORTE CIRCUIT COURT
The Honorable Thomas J. Alevizos, Judge
Cause No. 46C01-1112-CT-593

**December 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

David Darst, an inmate at the Indiana State Prison, filed suit against the Department of Correction ("the DOC") and its commissioner, Bruce Lemmon, in which he alleged that he was injured while riding in a prison van. The DOC and Commissioner Lemmon filed a motion to dismiss in which they argued that Darst had not exhausted administrative remedies and that Commissioner Lemmon was immune from liability. The trial court granted the motion to dismiss, and Darst appeals. Darst has not presented any argument concerning Commissioner Lemmon's immunity, and we affirm the dismissal of Darst's claim against Commissioner Lemmon. However, the DOC concedes that the record is inadequate to determine the exhaustion issue. Therefore, we reverse the dismissal of Darst's claims against the DOC.

**Facts and Procedural History**

On December 23, 2011, Darst filed a complaint against the DOC and Commissioner Lemmon. The complaint alleged that Darst was injured while riding in a prison van. Darst claimed that prison personnel had restrained his hands and feet, but had not secured his seat belt, and when the driver of the van braked abruptly, he was flung from his seat into a "restraining screen." Appellant's App. at 4. The attorney general entered an appearance on behalf of the defendants and filed a motion to dismiss. The motion to dismiss asserts that Darst failed to exhaust administrative remedies and that Lemmon is immune from liability pursuant to the Indiana Tort Claims Act ("ITCA"). On May 15, 2012, the trial court dismissed Darst's complaint without stating the grounds therefor. Darst now appeals.

## Discussion and Decision

The motion to dismiss was based partially on Indiana Trial Rule 12(B)(1) (dismissal for lack of subject matter jurisdiction) and partially on Trial Rule 12(B)(6) (dismissal for failure to state a claim on which relief can be granted). "Failure to exhaust administrative remedies is a defect in subject matter jurisdiction." *State ex rel. Atty. Gen. v. Lake Superior Court,* 820 N.E.2d 1240, 1247 (Ind. 2005), *cert. denied.* Therefore, if an administrative remedy is available, the plaintiff must pursue that remedy before proceeding in court. *Sun Life Assur. Co. of Can. v. Ind. Comprehensive Health Ins. Ass'n,* 827 N.E.2d 1206, 1209 (Ind. Ct. App. 2005), *trans. denied.* A motion to dismiss for lack of subject matter jurisdiction is the proper vehicle for challenging a plaintiff's failure to exhaust administrative remedies. *Id.*

The standard of review for a Trial Rule 12(B)(1) motion "is dependent upon: (i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a 'paper record.'" *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001). Where, as here, the trial court ruled on a paper record, our review is de novo. *See id.* (when trial court rules on paper record without conducting evidentiary hearing, "no deference is afforded the trial court's factual findings or judgment because under those circumstances a court of review is in as good a position as the trial court to determine whether the court has subject matter jurisdiction") (internal quotation omitted).

A Trial Rule 12(B)(6) motion to dismiss is also reviewed de novo. *Dawson v. Newman*, 845 N.E.2d 1076, 1080 (Ind. Ct. App. 2006), *trans. denied*.

> Such a motion tests the legal sufficiency of a claim, not the facts supporting it. Under T.R. 12(B)(6), a trial court's grant of a motion to dismiss is proper if the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. In making this determination, the court must look only to the complaint and may not resort to any other evidence in the record. The court considers the allegations in the complaint to be true. Such a motion should be viewed in the light most favorable to the non-moving party and all inferences should be resolved in the non-moving party's favor.

*Id*. (citations omitted). "We may affirm the grant of a motion to dismiss if it is sustainable on any theory." *Id*.

### I. Commissioner Lemmon

The only allegation in the complaint that specifically mentions Commissioner Lemmon asserts that he "was negligent in failing to properly establish a policy mandating the use of seat belts as directed by Indiana law, and in failing to establish the supervision of prison van transport officers." Appellant's App. at 6. The ITCA limits when a person may sue a public employee personally as opposed to the governmental entity employing that person.

> A lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is:
>
> > (1) criminal;
> >
> > (2) clearly outside the scope of the employee's employment;
> >
> > (3) malicious;
> >
> > (4) willful and wanton; or

4

(5) calculated to benefit the employee personally.

> The complaint must contain a reasonable factual basis supporting the allegations.

Ind. Code § 34-13-3-5(c).

Commissioner Lemmon argues that the allegations of Darst's complaint do not fit any of these categories. Darst did not respond to this argument at the trial level or on appeal. We conclude that Darst has failed to make a cogent argument regarding the dismissal of Commissioner Lemmon as a defendant. *See* Ind. Appellate Rule 46(A)(8)(a) (arguments must be supported by cogent reasoning). Therefore, we affirm the trial court's order with regard to Commissioner Lemmon.

## *II. DOC*

Without citation to authority or the record, Darst asserts that the DOC does not have a grievance procedure for personal injuries and is not authorized to pay damages for personal injuries. Alternatively, Darst argues that exhaustion of administrative remedies would be futile. *See Smith v. State Lottery Comm'n of Ind.*, 701 N.E.2d 926, 931 (Ind. Ct. App. 1998) (exhaustion is not required "when the remedy is inadequate or would be futile, or when some equitable consideration precludes application of the rule"), *trans. denied* (1999).

The DOC contends that there is a grievance procedure, citing *Higgason v. Lemmon*, 818 N.E.2d 500, 502-03 (Ind. Ct. App. 2004), *trans. denied* (2005). *Higgason* indicates that the DOC has a grievance procedure for loss of personal property. The details of the grievance procedure were not spelled out in the *Higgason* opinion, and there is no mention of whether it encompasses personal injury claims. Thus, the record before us is silent as to

whether there is a grievance procedure available to Darst. Further, without knowing whether there is a grievance procedure available, we cannot say whether compliance would be futile.[1]

Therefore, we remand for the trial court to determine whether the DOC has a grievance procedure that addresses personal injury claims and, if so, whether exhaustion of that remedy would have been futile.

## Conclusion

We affirm the dismissal of Darst's claim against Commissioner Lemmon. However, the record needs further development before it can be determined whether the claims against the DOC should be dismissed. Therefore, we reverse the dismissal as to the DOC and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.

KIRSCH, J., and MATHIAS, J., concur

---

[1] The DOC concedes that the record is inadequate as to the issue of futility:

> Although the evidence put forth by the DOC in the trial court suggests Darst did not grieve, there is no additional evidence to show that if he had, it would not have been futile. Therefore, the trial court's dismissal of Darst's claim for exhaustion at this stage was improper and this matter should be remanded for further proceedings with respect to the claims only against the DOC.

Appellees' Br. at 5 (citation to record omitted).