MEMORANDUM DECISION
Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED
Jan 27 2015, 8:45 am
CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEE |
|---|---|
| Rong Fan | Richard R. Skiles |
| Carmel, Indiana | Skiles Detrude |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rong Fan, <br> *Appellant-Defendant,* <br><br> v. <br><br> Summerlakes Property Owners Association, Inc., <br> *Appellee-Plaintiff* | January 27, 2015 <br><br> Court of Appeals Cause No. 29A05-1405-PL-219 <br><br> Appeal from the Hamilton Superior Court <br> The Honorable Steven R. Nation, Judge <br> Cause No. 29D01-1401-PL-816 |

**Friedlander, Judge.**

[1] Rong Fan, pro se, appeals an injunction entered against him and in favor of Summerlakes Property Owners Association, Inc. (the HOA). Fan presents the following consolidated and restated issues for review:

1. Did the trial court err in granting the injunction?

2. Were attorney fees properly awarded to the HOA?

The HOA asks that we affirm the trial court's order and remand for a determination and award of the attorney fees it has incurred defending Fan's appeal.

We affirm in part, reverse in part, and remand.

Fan is a homeowner in the Summerlakes residential subdivision in Hamilton County. This subdivision is governed by the Declaration of Covenants and Restrictions of Summerlakes (the Declaration), which was recorded in 1986 and is administered and enforced by the HOA. Armour Property Management, LLC (APM) provides property management services for the HOA. Over recent years, the relationship between Fan and the HOA had been contentious.

On January 13, 2014, Cindy Armour of APM observed and photographed several wooden pallets propped against a tree in Fan's front yard. She sent an email to Fan the following day, asking that he move the pallets out of public view that evening. Fan took the pallets to his backyard and propped them against another tree. On January 28, Armour photographed the pallets, which were still visible from the road and/or the neighbor's driveway. The HOA filed an injunction action against Fan that same day, seeking Fan's compliance with certain covenants and restrictions contained in the Declaration. The complaint provided in part:

5.    Article 8, Section 3, Subsection H of the Declaration requires that the owner of any lot shall at all times maintain the lot in such a manner as to prevent the lot from becoming unsightly, specifically including the removal of all debris or rubbish.

6. Article 8, Section 5 of the Declaration prohibits owners from permitting the accumulation out-of-doors of refuse on his lot.

The HOA alleged that the pallets on Fan's lot violated these provisions of the Declaration.

On at least two occasions over the next month, Fan contacted the HOA's attorney and requested dismissal of the lawsuit, claiming it was meritless.[1] Counsel, however, continued to request removal of the pallets from Fan's yard. In a February 24 email, Fan vowed to fight the HOA as he had in the past. The pallets remained in Fan's backyard[2] and were observed and/or photographed on February 5, 17, and 25, as well as on the day of the injunction hearing.

At the evidentiary hearing on March 7, Fan did not deny that the pallets had remained outside on his lot since January 13. Instead, he attempted to establish that the pallets had been moved to a far corner of his large backyard that was not visible from the street. He also indicated that the pallets might be used in the future by his daughter for an art project. Fan testified that he believed the lawsuit was unfair and that if Armour would have simply called him, he would have complied "right away". *Transcript* at 64. At the conclusion of the hearing,

---

[1] Fan filed a number of pro se pleadings seeking dismissal of the action, which he claimed was baseless, frivolous, and an abusive use of legal process. Fan also sought sanctions against the HOA. The trial court indicated that these matters would be considered, along with the complaint, at the scheduled hearing, as his claims went to the merits of the HOA case and could not be resolved without an evidentiary hearing.

[2] It is unclear exactly how many pallets were in Fan's backyard, but pictures reveal that there were at least three and possibly as many as five. Contrary to his assertions on appeal, the pallets were not small.

the trial court took the matter under advisement and directed the parties to file proposed orders within seven days.

[11] On March 21, 2014, the trial court issued findings of fact and conclusions thereon, granting a permanent injunction against Fan. The court ordered Fan to "immediately remove the wooden pallets and any and all the out-of-doors refuse and rubbish from the property of the Fan Residence". *Appellant's Appendix* at 8. The court also awarded costs and attorney fees in the amount of $5290.52 to the HOA. Following an unsuccessful motion to correct error and motion to reconsider, Fan now appeals.

[12] We begin by observing that our consideration of the merits of this case is significantly hampered by Fan's failure to follow the dictates of our appellate rules and his disregard for the applicable standards of review. For example, his statement of facts section is improperly littered with argument and presents "facts" that were not part of the evidence presented at the evidentiary hearing. *See* Ind. Appellate Rules 46(A)(6)(b) ("facts shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed"). Most limiting to our review is Fan's argument section, for which he sets out no standard of review and little relevant authority and relies on facts not in evidence. *See* App. R. 46(A)(8)(a) (requiring "cogent reasoning" and support for each contention with citations to "authorities, statutes, and the Appendix or parts of the Record on Appeal relied on"); App. R. 46(A)(8)(b) (requiring "for each issue a concise statement of the applicable standard of review").

[13] It is well established that pro se litigants are held to the same standards as trained legal counsel and are required to follow procedural rules. *See Whatley v. State*, 937 N.E.2d 1238 (Ind. Ct. App. 2010). Our appellate rules are not mere suggestions, and flagrant violations may result in waiver of the issues presented. *See Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486 (Ind. Ct. App. 2003). "We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood." *Terpstra v. Farmers & Merchants Bank*, 483 N.E.2d 749, 754 (Ind. Ct. App. 1985), *trans. denied*. With this in mind, we proceed to the merits of this case.

[14] The trial court entered special findings of fact and judgment thereon pursuant to Ind. Trial Rule 52(A). Accordingly, we are tasked on review with determining whether the evidence supports the findings and the findings support the judgment. *Bowyer v. Indiana Dep't of Natural Res.*, 944 N.E.2d 972 (Ind. Ct. App. 2011). In deference to the trial court, we will disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. *Id.* In other words, we will not reweigh the evidence or assess witness credibility. *Id.* While we review findings of fact under the clearly erroneous standard, we review *de novo* a trial court's conclusions of law. *Id.*

[15] Ultimately, we will conclude that a judgment is clearly erroneous only if no evidence supports the findings, the findings fail to support the judgment, or the trial court applied the incorrect legal standard. *Id.* "In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the

evidence must leave it with the firm conviction that a mistake has been made."

*Id.* at 984 (quoting *Garriott v. Peters*, 878 N.E.2d 431, 437 (Ind. Ct. App. 2007), *trans. denied*).

# 1.

Fan argues that the trial court erred in granting the injunction because the pallets in his backyard did not amount to a violation of the Declaration. His argument appears to boil down to the following claims: 1) Fan was not given enough time to remove the pallets; 2) the pallets were not left out in public view; and 3) the pallets are not necessarily trash or rubbish.

Article VIII, section 3(H) provides in relevant part:

> *Maintenance of Lots and Improvements.* The Owner of any Lot shall at all times maintain the Lot and any improvements situated thereon in such a manner as to prevent the Lot or improvements from becoming unsightly and, specifically, such Owner shall:
>
> * * *
>
> (ii)    Remove all debris or rubbish
>
> (iii)    Prevent the existence of any other condition that reasonably tends to detract from or diminish the aesthetic appearance of the Real Estate.
>
> * * *

[18] *Appellant's Appendix* at 34.  Article VIII, section 5(B) further provides in part: "nor shall any such Owner accumulate or permit the accumulation out-of-doors of [] refuse on his Lot".  *Id*. at 37.

[19] The Declaration is clear in that it prohibits the outdoor accumulation of refuse/trash/debris/rubbish on lots in the neighborhood.  The trial court's determination that the pallets "constitute debris and rubbish and detract from and diminish the aesthetic appearance of the Fan property" is supported by the record and not clearly erroneous.  *Id*. at 7.  In fact, Fan did not seriously dispute the nature of the pallets at the hearing and described them in a pleading as "junk" that he moved out of his front yard.  *Id*. at 87.

[20] Further, Fan's claim that he was not given enough time to remove the pallets from his property is disingenuous.  The hearing was held more than fifty days after Fan received Armour's email and over a month after the complaint was filed, yet the pallets remained.  The trial court properly observed that Fan presented no *evidence* at the hearing[3] that the pallets could not have been removed timely, and his attempt to submit evidence outside the trial record in support of his appellate argument is improper.  Fan also presents no authority in support of his claim that the Declaration was required to "specify the exact time frame for removal of all debris and rubbish."  *Appellant's Brief* at 10.

---

[3]  Fan appears to confuse trial testimony (evidence) and closing statements (not evidence).  During his testimony, Fan indicated that if Armour would have called him about the pallets, he would have complied "right away".  *Transcript* at 64.  Thus, he made no claim during his testimony that he was unable to comply at any time prior to the hearing.

In his brief, Fan also attempts to address the "proper interpretation of 'public view'". *Id.* at 11. He claims that the pallets in question were "extremely small" and "stored far from public view in the deep corner of [his] backyard". *Id.* at 10. We refuse Fan's request to reweigh the evidence, which when viewed in a light most favorable to the judgment, establishes that the pallets were of significant size and quantity, unsightly, and visible from the sidewalk and/or the neighbor's lot. More importantly, we observe that sections 3(H) and 5(B) of Article VIII of the Declaration make no reference to "public view". Rather, these provisions restrict debris/rubbish/refuse on the lot, irrespective of whether it is visible from the street, the sidewalk, or a neighbor's lot. The trial court's conclusion that the pallets on Fan's lot violated the Declaration was not clearly erroneous, nor was the grant of the injunction.[4]

## 2.

With respect to the award of attorney fees, Fan argues that the trial court "abused its discretion in the legal procedures of the trial and in the equitable disposition of the legal matter by awarding disproportional amount of attorney fees in such a trivial matter." *Appellant's Brief* at 15. Fan's splintered argument is difficult to follow, as the vast majority of it has nothing to do with the award

---

[4] In a related argument, Fan asserts that the suit initiated by the HOA was a frivolous abuse of process. The action terminated in the HOA's favor and, therefore, was not amenable to these claims. *See, e.g., Cent. Nat'l Bank of Greencastle v. Shoup*, 501 N.E.2d 1090, 1095 (Ind. Ct. App. 1986) ("[a] regular and legitimate use of process, though with an ulterior motive or bad intention is not a malicious abuse of process") (quoting *Brown v. Robertson*, 92 N.E.2d 856, 858 (Ind. Ct. App. 1950)).

of attorney fees and none of it is supported by cogent argument or citation to supporting authority.

[23] Attorney fees awarded pursuant to a contract provision, as in this case,[5] must be reasonable, and trial courts are afforded discretion in determining a reasonable fee. *Walton v. Claybridge Homeowners Ass'n, Inc.*, 825 N.E.2d 818 (Ind. Ct. App. 2005). We will find an award of attorney fees erroneous if it is clearly against the logic and effect of the facts and circumstances. *Id*. On appeal, Fan bears the burden of establishing that the trial court abused its discretion. *Id*.

[24] Fan has wholly failed to meet his burden. Though not directly raised by Fan, we are compelled to address one apparent error with respect to the trial court's award of attorney fees. Plaintiff's Exhibit 15, the invoice upon which fees were based, includes over $2000 worth of fees that were incurred before January 13, 2014, the date the pallets were first observed. These fees should not have been included in the award.

[25] On remand, the trial court is directed to revise the award of trial attorney fees and costs to reflect the proper amount attributable to this cause. Additionally, by virtue of defending the judgment, the HOA has necessarily incurred post-trial attorney fees and costs. The trial court shall determine the proper amount of post-trial attorney fees and costs to be awarded on remand.

---

[5]   Article XVIII, section 1 of the Declaration provides that the HOA "shall be entitled to recover its costs and reasonable attorneys' fees incurred in connection with [an Owner's failure to comply with any provision of the Declaration]". *Appellant's Appendix* at 61.

Affirmed in part, reversed in part, and remanded.

Vaidik, C.J., and May, J., concur.